Good morning. May it please the court, I'm James Laughlin and I'm here representing the appellant Kevin Ledgard. With court's permission, I'll reserve three minutes of my time for rebuttal. This case involves five counts of unauthorized computer access and three counts of aggravated identity theft. And I'd like to begin by talking about counts four and five, two of the unauthorized access counts, both of which allege violations of section 1030A2C. Now it's undisputed that at the time, there were two separate and distinct jurisdictional elements. First, the government had to prove both that the computer that was the target of the hacking was used in interstate commerce, interstate or foreign commerce or communication. It also had to prove that the actual act of hacking involved an interstate or foreign communication. In 2008, which is after the alleged conduct in this  case, the government made that second element. But because Mr. Ledgard can only be convicted of a statute that was in effect at the time of his act, the government had to prove that element. Unfortunately, the government made a mistake. It did not appreciate that the statute had changed, so it worked off of the forms or instructions for the later version of the statute, so it never acknowledged in any way that element at the time of trial. More important, it never proved that element or presented evidence to try to prove that element at the time of trial. So that would save you, what, on the Amazon count but not on the count pertaining to the emails to Japan, right? That's incorrect, Your Honor. It would apply to everything. The argument that they raised to Japan, I pointed out, is completely wrong for a different reason. The element that was removed required that the unauthorized access involved an interstate or foreign communication. What they're trying to do is say, if he hacked into her account and then transmitted the pictures and the email messages knowing that her father was in Japan, why doesn't that satisfy the second jurisdictional basis? Well, I think Your Honor's a little bit mistaken about what happened. What they contend is that he did an act of unauthorized access into these Microsoft Hotmail accounts, got the father's email address, and then through separate email websites and everything, sent emails to the father in Japan. So the act of unauthorized access is taking... The fact that he obtained a Japanese... Well, what... It was a local, I believe it was just a local Yahoo or Gmail email. Right, right. But he knew when he sent it that the father was in Japan. I don't know if he knew that he sent it. Isn't that what the district court found as a matter of fact? I don't believe he found that the defendant had any idea where the father was at the time he sent the email. Wasn't there evidence to that fact adduced at the trial? I don't believe... I'm not being coerced up. If I know it, it's because I read it in the record. Maybe I'm misremembering... But in any event, Your Honor, I believe that it's irrelevant because what has to be the interstate or foreign communication is the unauthorized access. And there's no dispute that the access was to go into the victim's account to get the father's email address. Whatever he did after that with that address is not part of the unauthorized access. And therefore, that cannot be the jurisdictional basis. Those are the misdemeanor counts, is that right? Yes. Even if you're right, what would that do for him? Well, because the felony counts are on top of the misdemeanor counts. With the two misdemeanor counts, they were concurrent with each other? Well, Your Honor, they're all felony counts because the government alleged that each of counts 1 through 5 that the misdemeanor offenses of unauthorized access were done in furtherance of the state crime of false personation in the state courts of intentional infliction of emotional distress. So these are both felony counts. Everything is felony count here? Yes. But I thought he ordered concurrent sentences on five of the counts, including this... You're correct, Your Honor. They are concurrent sentences. Let me get back to my question. If you're right about this, what happens? How does that benefit him? Well, Your Honor, I'd like to go through and kind of point out how each of the counts gets taken out for different reasons. Okay. But if these were the only counts, then I think they still should be reversed. And as we pointed out in the submission that we filed requesting how the court should deal with a decision that may reverse some but not all counts, the court could simply strike those counts from the judgment in the corresponding fine and special assessment. He got one month on each of these, on 4 and 5. Is that right? Yes. Now, my note is that these are misdemeanors. You're telling me that that's not correct? Correct. They're all felonies because the government alleged and the district court found that each of these five counts was done in furtherance of intentional infliction of emotional distress and false personation. Maybe I missed something in the record here, but I had the same understanding of the sentence. Well, the total sentence was what, 20? It's 25 months. So he got concurrent counts, concurrent sentences of one month on each of count 1 through 5. Right. So that's one month. That accounts for one month. And then two years on the felony. No, the aggravated, the mandatory consecutive 24 months on counts 9 through 11, he got concurrent mandatory 24-month sentences. Add those to the one- Is the answer to Judge Silberman's question that if the sentence falls on the counts that you're challenging here, we'd lose a month, right? Well, no, Your Honor. I believe that as you said, we would agree that if the court reverses counts 4 and 5 but not counts 1, 2, and 3, which I'll get to if I have time later, then the court could simply not touch the sentence and just recognize that because it's insufficient evidence, judgment of acquittal should have been entered and deal with that itself by amending the judgment. That's what I'm trying to get at. If you're right, this has no practical effect for him. If I'm right only on these. If I convince you then 2 and 3 go out- He shouldn't have been charged to begin with. That's a whole other story. If you're right about 4 and 5, we strike those. He doesn't get one day off of his- Correct. But if I convince you that 2 and 3 go, 2 through 5 were the basis for counts 9 through 11, which contained the mandatory consecutive 24 months, and that would be a difference. So 4 and 5 plus 2 and 3 does create a significant gap. So just briefly on the foreign communication element, I believe that we're in a situation much like the court case in James, which was a case where the government mistakenly failed to submit a FDIC insurance stipulation at trial. And what the court held there is you don't blame the defendant. You don't try to fill in the blanks with evidence that just happens to be in the record to try to prove the element that wasn't proved up. The remedy is reversal, and that's what should happen here. So now I'd like to switch to counts 1 through 5 generally. And each of those are under the felony provision of Section 1030, which required the government to prove that each act of enforcement was in furtherance of the California Tort of Intentional Infliction of Emotional Distress or the California Crime of False Personation. The government and I agree that in furtherance of has its ordinary meaning to help forward or to advance. What we disagree is how that applies to Section 1030. We all, in both of our briefs, we cited cases decided under Section 924C, which is a statute that makes it a crime to possess a weapon in furtherance of a crime of violence or a drug trafficking crime. The government uses that for the general language about how to interpret it. If it says you don't follow the 924C cases, it holds that that requires the government to prove each element of the underlying crime or tort beyond a reasonable doubt. They believe that all they have to do is to show that Mr. Ledgaard intended to commit one of those crimes. But the court found as a matter of fact that he did. Correct, Your Honor, but the district court below said I don't need to reach that issue because If I had to, I would find that he did. Right, but then the government on appeal has brought up this issue, so I just want to make clear that as this court evaluates the lower court's decision and the sufficiency of the evidence, it needs to adopt the correct interpretation of 1030 such that the government did have to prove each element of the underlying crime. I'm trying to understand what practical difference it makes because the court essentially found that all of the elements of intentional infliction of emotional distress were amply supported by your client's behavior, and so I'm not sure where your argument gets us because he's guilty either way. Well, I disagree with that, Your Honor, and I want to explain why the government didn't prove each of those elements, but I wanted to begin by asking the court to reject the government's argument that it can affirm without concluding that the government had to prove each of these elements. So with that in mind, what I'd like to do is now I'd like to talk about counts two and three. And for the purposes of this argument right here, I'd like to assume for a moment that the government did prove the crime in tort, and let's even assume that they proved that count one, which was the first unauthorized access to the Bank of America to obtain account information, assume that that was in furtherance of the state crime in tort. For the reasons explained in brief, that's not true, but let's assume for the purpose of argument they are. The problem we have with counts two and three is the government has never explained how counts two and three, which are also subsequent unauthorized access of Bank of America computers to obtain quote account information, how those in any way furthered the state crime or the state tort in a manner that wasn't furthered by count one. Counsel, can you explain to me? I'm looking at the district court's findings of fact and conclusions of law starting on page ER 68 and continuing through ER 73. It's pages 30 and 35 of the district court's decision and order verdict in this case, in which he walks through each element of intentional infliction of emotional distress and recounts all the evidence that supports his finding that your client, that the evidence proved beyond reasonable doubt that all those elements were established. Correct, Your Honor, and in the briefs we've explained why that was wrong. Is finding wrong as a matter of fact? It's a challenge to the sufficiency of the evidence? Is that what you're challenging? Yes, and Your Honor, and like I said, let me show you as an example that the problem with counts two and three. I'm not sure what standard of review I'm applying here. I have more findings of fact because it was a bench trial than we ever get from a jury verdict of guilty. The fact finder specifically recounts each element of the tort of intentional infliction of emotional distress and then catalogs all the evidence that he credits in support of that and unless I'm missing something here, the standard of review to overturn that decision is I have to declare that those factual findings are clearly erroneous, that no reasonable fact finder on the court would have so found. Am I correct in my legal analysis? I think this is a little unclear whether you put the clear error on top of what is already the heavy burden of the Jackson standard. I would say the standard for Jackson is you look at all the evidence in light most favorable to government, include whether any rational jury could find the irrational fact finder. I think we're saying the same thing. I think the legal analysis is in order to grant you the relief that you're arguing for, we have to declare that Judge Pregerson's factual determination and then ultimately it's a mixed question of law and fact, ultimately his legal conclusion that this evidence was sufficient to establish intentional infliction of emotional distress and that the hacking was committed in furtherance of those elements is first of all as a matter of fact clearly erroneous and if we can't do that then on the basis of those as facts established by the fact finder no reasonable fact finder could have found applying the law of IEED that all those elements were met. Am I, have I got it right? I think so and I'd like to explain why that standard as the court knows that the sufficiency standard is a high one to meet but it's not a rubber stamp. But it's a particularly difficult burden for you to meet in a case involving a bench trial when we have 35 pages. Tell us why he met it. Okay well let me focus on two and three because this is a perfect example of where Judge Pregerson who gave a great trial got it wrong because what he did is he lumped counts one two and three in together. Those are all unauthorized access of the Bank of America computers to obtain quote account balance information and the government offered a theory as to count one. He went to get, the defendant got account information and used that once he knew how much was in the account he then, he could send checks to zero out her account. Which he did. But okay let's just assume that's for count one. That's what he said. Your Honor, fine for count one. For count two and three the government has never said okay then what happened in those subsequent acts of access that in any way furthered the crime of false personation or the intentional tort. There's something that has to happen. Does 30 to 35 outline what he did? I believe. I'm having a really hard time understanding your position here in the face of this record. Well Your Honor well I believe that if you look at it you will never find a place where the court says how count, how the actions that were alleged in counts two and three in any way furthered the state crime or tort in a way that count one didn't. We have an express finding by the district court that if your client had been able to find a way to destroy the life of the victim he would have pushed it. And that's the problem Your Honor. The problem with what? The problem with the fact that the proof was so overwhelming that the district court was just shocked by what your client had done? I believe that the problem is lumping everything together without recognizing that each count is distinct and has to be considered on three different dates. Doesn't that answer the question? He did what he did in count one on September 11th. He did it again on September 18th. And he did it a third time on September 19th. Although as pointed out in the brief the evidence was different. It was actually two occasions on September 11th and one on September 13th. Three different events. But doing what? What happened on the second time on the 11th and the time on the 13th that it specifically furthered? What did he do on those dates that furthered the state crime or the state court in a way that count one didn't further? That's what we don't know. The government has never told us. Didn't tell us at trial. Didn't tell us on appeal. And we can't just fill in the blanks. They charged three counts all of obtaining Bank of America account information. It's incumbent upon them to explain how each count is different. And they just lumped them all together. He didn't access the Bank of America on three different occasions? The evidence shows he did that. But then the question is that that's the unauthorized access. But to get the felony you have to show how that particular act then furthered the state crime or tort. And that's what we don't know. Thank you. Good morning, Your Honors. May it please the Court, Ashley Auld for the United States. I want to start with the furtherance issue. And the Court is right that the legal dispute we have about the definition of furtherance perhaps need not be reached in this case because the district court made such lengthy and I think unassailable findings that both intentional and affliction of emotional distress and false personation were proven here. But that said, there's no principle of constitutional avoidance and I think the question of what furtherance means is important in the case because the Court can then avoid the sufficiency challenge. So it's important as a matter of this Court's analysis and to set forth a definition for the future. And I think that's why it's important both to my co-counsel and I. We agree, as counsel said, on the basic definition. It's a plain language definition and the same definition that has been adopted by this Court in 924C cases. I think the most helpful cases in sort of outlining that definition are the Krause case and the Mahan case, both of which are 924C. But what we differ in is what that definition means. And frankly, the defendant's claim that it requires that all elements of the underlying crime be proven is just completely wrong. The only citation that's been put forth for that proposition is this Court's model jury instruction and the case cited in that model jury instruction. And if the Court looks at that case, that case does not deal with in furtherance at all. It deals with an alternative basis for liability under 924C, which is carrying a weapon during and in relation to a crime, which I will concede if you need to carry a weapon during a crime, that crime does need to happen. In furtherance is different. In furtherance, as this Court has said in Krause and Mahan, does ultimately turn on the defendant's intent. It's a little broader than intent, as I think Mahan demonstrates. In Mahan, a gun was traded for drugs, not used to defend a drug stash, but I think that's beyond the point here. It does turn on the defendant's intent, and cases in which this Court have looked into similar intent standards, such as for purposes of, demonstrate that you do not need to accomplish the ultimate goal. And I think plain language indicates you don't need to accomplish the goal. You can further without obtaining, you can advance without achieving. I think plain language of in furtherance of simply requires that you move the ball forward. And I think it's really beyond dispute here, that in each of his acts of unauthorized access, defendant was engaging in a really profound and ultimately effective scheme to terrorize his victim. Each count pushed that ball forward. He accessed the Bank of America account, not just three times, but I think more like a dozen. I don't have the number right in front of me. He accessed it to see her account balance. He accessed it to issue a check, two different checks to her mother. And if you look at the indictment, actually, it alleges these 13th and 19th, those are the dates on the checks that showed up at her mother's house. If you look at ER 145, the bank representative testified that that date would not be the same date, it turns out, from the date that the access occurred. But there's a fairly coherent discussion of why that is, and that variance matters not at all. What's the story on Counts 4 and 5? Counts 4 and 5, the challenge to Counts 4 and 5, not to the felony enhancement, but to the underlying, even misdemeanor liability, I think first have been waived. In his reply brief, defendant has said that our waiver cases don't apply because this was a bench trial. Respectfully, I don't think that's right. In a bench trial, unlike in a jury trial, you don't have to make a Rule 29 motion at all. It's a fairly lenient standard. But frankly, the standard in jury trials is also very lenient. You don't need to state bases for your Rule 29 motion. You just need to say Rule 29 as a formality. But it's established that if you do make a motion, and if you do articulate bases for the motion, other bases not raised or waived. And that's what happened here. I don't contest that the counsel didn't need to make a motion because it was a bench trial, but he did, and he never contested liability for the misdemeanor counts. And the issue of interstate communication goes to the fundamental liability for the misdemeanor. And in fact, if the court looks at various places in the ER, counsel repeatedly conceded liability for all of the misdemeanor counts, and said that the only issue was the felony. The motion to dismiss, filed post-trial, comports with that. And so under this case, this court's case is in Graff, and I believe the other case is Quintero, Quintana Torres. This whole challenge to misdemeanor liability, which was never raised, which was left out of the Rule 29 motion, and which was otherwise conceded, is only subject at most to review for manifest and carriage of justice. Suppose we conclude that it's either not waived or we have to reach it. Did you prove that there was an interstate communication? I think we did, Your Honor. And I think the first, I think the language of 1030A2 is meaningful, or of the old 1030A2. It requires that the conduct involve an interstate or foreign communication. What was the evidence of an interstate communication with respect to Amazon? With respect to Amazon, I think the conduct, particularly if conduct is read broadly, involved a whole host of interstate communications. Defendant accessed Amazon.com, which is not some individual computer over a P2P network, like in Flyer. It's not a computer on a closed network. It's a giant commercial publicly facing website. And he had numerous communications with them. If you look at Amazon's testimony, Amazon's witness at ER271 described how you submit an order, which I think is a matter of common sense, but he did go through, you search for a product, you put in the name of that product, you put that product in your... Yeah, what makes that interstate? What makes it interstate is, I believe that it's on the Internet, Your Honor. And not just the Internet, which is to say, as in Flyer, say two computers that aren't in the same place. The Internet being a major commercial publicly facing website. And I think the cases we've cited interpreting 875C, which is... Suppose you've contacted Ralph's Market down the street. Would that be because it's on the Internet? Would that be an interstate communication? I think it depends on how he contacts them. He goes on the Internet and finds the Ralph's website and places an order at the grocery store down the block. Yes. Our position is yes. And I think the 875C cases, none of which admittedly are from this court, the cases we've cited are Drew, which is a lower court case, and their analysis is that the Internet is so fundamentally interstate that contact between an Internet computer and an Internet website is sufficient to show that the communication was interstate. That's close to a direct quote from Drew. And the Third Circuit held the same thing in Leonis. And I think that's right. I think when we're talking about the Neville Standard, when we're talking about sufficiency, and in this case a jurisdictional element, we're asking what are the reasonable inferences that could be taken from the facts that were presented. And I think a reasonable inference from the demonstration that someone did in fact communicate with these commercial online Internet websites is that those communications were fundamentally interstate. Congress changed the law. When was it? 2008, I believe. And they deleted this frankly redundant jurisdictional element. There is still a jurisdictional element that is an Internet computer, which I'll note that also was not disputed below. There was a jurisdictional element at issue, and there was no issue raised by defense counsel with regard to that element. But isn't the distinction between the utilization of an instrumentality of Internet, of interstate commerce, and your argument is that the World Wide Web clearly is that, and I think we actually have cases that say that, versus actual crossing of state or international boundaries in the specific conduct of the defendant. You didn't have the Amazon witness testify that Amazon is a Seattle-based company and our servers reside in Seattle, and when you access the Web in Los Angeles, you're actually talking to our Amazon Web server in Seattle, and therefore when you place an order, it is by definition an interstate communication. That's right. We did not do that. I think we could have done that, and that certainly would make the sufficiency analysis a lot easier. We wouldn't have the issue. We wouldn't have the issue. But I actually, under the facts of this case, I do not think it was necessary. And again, there are limits on this. I mean, I think there's a way to parse interstate instrumentality from an interstate communication. The Drew and Leonis cases explicitly grappled with the idea that the interstate communication, when you're using the Internet, did not need to be, you proved that the origin and the destination were in two different states. What's your response to Mr. Laughlin's argument about the father in Japan? I don't think, given the language of 1030A, which says that the conduct has to involve interstate communication, I think that's broader than the defendant has recognized. I think that certainly allows consideration of the conduct that ultimately forms the basis of his liability, which did include the communication to the father in Japan. If it said the access entailed an interstate communication, I don't think I'd be making the same argument. And similarly with Amazon, frankly, I don't know exactly how far conduct goes out, but looking at his conduct and all the facts that were presented, there's an incredible array of, I would say, presumably or at least inferentially interstate stuff that happened based on his Amazon access. He ordered products. He ran her MasterCard. MasterCard called her, or pardon me, Citibank called her with a fraud alert saying that these orders had been made. The orders were going to be shipped to her. There is no evidence of where from. The best, we were crawling through the record trying to find what was there and going to Paulman's point, unfortunately this exhibit has not been presented to the court, but I can. Her Citibank statement, which was exhibit 22, indicates that their customer service is in Nevada. I realize we're a few levels of separation from the access to Amazon, but ultimately he accessed a commercial website on the Internet, not on a small network, certainly not going right up to a computer and dealing with whatever was on that computer. He initiated all these communications and orders. That order led to a running of a MasterCard, which led to a call to her that I think we can infer may have been from Nevada. I would argue that that is sufficient to show that the conduct involved an interstate communication. If the court has no further questions, I'm happy to yield my time. Thank you. First, with regard to the waiver issue, as I explained, it's not waiver at all, but if anything, it's forfeiture, not waiver. Olano clearly defines the difference. If it's forfeiture, the court still reviews for plain error, and as this court's case has recognized, plain error and sufficiency evidence aren't that really different after all. With regard to the point about the Internet being enough, I think I covered that in the reply brief. There are two different elements, and I think the government makes my point very well for me when she said that when the Congress took away that second element, it was getting rid of a redundant element. The legislative history we cite in the brief indicates that's not what Congress thought. Congress thought that before the statute only affected interstate or foreign hacking, and they wanted to eliminate the second thing to make intrastate hacking a crime, too. So they didn't view it as redundant, and I don't think this court should answer the government's call to basically make that second element meaningless. It has a meaning, and I believe that Internet use  And then finally, with regard to the word conduct in the statute, which the government says should be reinterpreted broadly, I just ask the court to just look at subsection 2 of Section 1030 and look at the statute and conduct. When in subsection 2C it says conduct, it's clearly referring to the introductory paragraph of that, which is the hacking. It's not something that refers to every conduct alleged in the entire case. So that I submit. You're welcome. Thank you, Ms. Ault. Thank you. The case has started. You're to submit it. Good morning.
judges: SILVERMAN, TALLMAN, RAWLINSON